UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO: 4:22-CR-016 |
| ) | |
| SHAQUANDRA WOODS, ) | |
| COURTNEY GILCHRIST, and ) | |
| KENNETH JACKSON ) | |

### UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE DEFENDANT WOODS' SELF-AUTHENTICATING RECORDS

The United States moves *in limine* to exclude documents noticed by Defendant Shaquandra Woods as self-authenticating under Rule 902 of the Federal Rules of Evidence. *See* (Doc. 171–171-17.) Thirteen of Woods' noticed exhibits should be excluded under Federal Rule of Evidence 403 because their probative value is substantially outweighed by a danger that they will confuse the issues or mislead the jury. Additionally, one of Woods' noticed exhibits is incomplete and should be offered in full under Rule 106 of the Federal Rules of Evidence.

### BACKGROUND

On February 2, 2022, the grand jury in the Southern District of Georgia returned an indictment (Doc. 1) charging defendants with conspiring to commit wire fraud and other offenses relating to a series of fake businesses that defendants used to obtain federal funds intended for legitimate small business during the COVID-19 pandemic. On June 9, 2022, the grand jury returned a superseding indictment (Doc. 87) charging defendants with conspiracy to commit wire fraud, making false claims, using false documents, and making false statements.

The Superseding Indictment alleges that Defendant Woods applied for Economic Injury Disaster Loans ("EIDLs") under false and fraudulent pretenses, including by making false statements about claimed businesses' dates of establishment and gross revenues for the twelve-month period prior to the date of the COVID-19 pandemic. (Doc., 87, ¶ 19.) The Superseding Indictment further alleges that, as part of the conspiracy and to influence the United States Small Business Administration ("SBA") to approve the fraudulent EIDLs that she submitted, Defendant Woods sent the SBA fake tax documents and fake corporate records. (*Id.* ¶¶ 20c, 20f, 20h, 20i, 28, 30.)

On March 10, 2023, Defendant Woods filed her Notice of Intent to Offer Self-Authenticating Records Pursuant to F.R.E. 902 (the "Notice"). (Doc. 171.) Woods contends that the records she submitted are admissible under Rule 902(5) of the Federal Rules of Evidence because they are self-authenticating as a publication by a public authority. (Doc. 171 at 1-2.) Seventeen exhibits were attached to the Notice. (Doc. 171-1–171-17.) Those exhibits include: legislation of the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748, 106th Cong. § 1110 (2020) (Woods Ex. 2,[1] Doc. 171-1); five selections from the Federal Register regarding the Economic Injury Disaster Loan program (Woods Ex. 3,[2] Doc. 171-2); Frequently Asked

---

[1] Woods filed seventeen total exhibits bearing numbers with gaps in the sequence. *See generally* (Doc. 171). That numbering has been replicated here.
[2] Express Bridge Loan Pilot Program; Modification of Eligibility and Loan Approval Deadline and Extension of Pilot Program, 85 Fed. Reg. 18107 (Apr. 1, 2020) (included twice); Disaster Declarations of Economic Injury for the Coronavirus (COVID-19); Administrative Declarations of Economic Injury Disasters for the Entire United States and U.S. Territories, 85 Fed. Reg. 20015 (Apr. 9, 2020);

Questions from the SBA's website regarding the EIDL program, dated March 20, 2020 (Woods Ex. 4, Doc. 171-3); another list of Frequently Asked Questions from the SBA's website, dated March 27, 2020, regarding the EIDL program (Woods Ex. 5, Doc. 171-4); another list of Frequently Asked Questions regarding the EIDL program from the SBA website, dated September 8, 2020 (Woods Ex. 6, Doc. 171-5); a list of Frequently Asked Questions regarding the EIDL program from the SBA's website, dated August 4, 2021 (Woods Ex. 7, Doc. 171-6); the Intake Application Summary for the EIDL application ending in -6118 for EZ Legal Solutions LLC (Woods Ex. 9, Doc. 171-7); what appears to be a download from the SBA's website for various forms from the EIDL program (Woods Ex. 10, Doc. 171-8); Articles of Organization for EZ Legal Solutions, LLC (Woods Ex. 11, Doc. 171-9); a report of the U.S. Small Business Administration Office of Inspector General, *Inspection of Small Business Administration's Initial Disaster Assistance Response to the Coronavirus Pandemic*, dated October 28, 2020 (Woods Ex. 12, Doc. 171-10); a report of the U.S. Small Business Administration Office of Inspector General, *Top Management and Performance Challenges Facing the Small Business Administration in Fiscal Year 2022*, dated October 15, 2021 (Woods Ex. 13, Doc. 171-11); a report of the U.S. Small Business Administration Office of Inspector General, *Top Management and*

---

Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20811 (Apr. 15, 2020); Business Loan Program Temporary Changes; Paycheck Protection Program—Additional Eligibility Criteria and Requirements for Certain Pledges of Loans, 85 Fed. Reg. 21747 (Apr. 20, 2020); Data Collection Available for Public Comments, 85 Fed. Reg. 42063 (July 13, 2020); Data Collection Available for Public Comments, 85 Fed. Reg. 42479 (July 14, 2020).

*Performance Challenges Facing the Small Business Administration in Fiscal Year 2021*, dated October 16, 2020 (Woods Ex. 14, Doc. 171-12); Experian Credit Report of Shaquandra Woods, dated Mary 12, 2020 (Woods Ex. 15, Doc. 171-13); Official Form 207, Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Woods Ex. 16, Doc. 171-14); the text of 15 U.S.C. § 9009 (Woods Ex. 17, Doc. 171-15); the SBA's internal notes regarding the EIDL loan ending in -8102 (bearing an identifier ending in -4947 and corresponding to the EIDL Application ending in -6118) issued to EZ Legal Solutions (Woods Ex. 19, Doc. 171-16); and a publication from the IRS website dated June 29, 2020, *Taxpayers should file by July 15 tax deadline; automatic extension to Oct. 15 available*, (Woods, Ex. 20, Doc. 171-17). Woods previously filed all of the noticed exhibits in connection with her Amended Motion to Dismiss for Fundamental Ambiguity (Doc. 133, 133-2–133-7, 133-9–133-15, 133-17, 133-19, 133-20), to which she filed no objection to the recommendation that the Amended Motion be Denied, (Doc. 144 at 30–33).

## ARGUMENT

### A. Defendant Woods' Exhibits Should Be Excluded Because Their Probative Value is Substantially Outweighed by a Danger of Confusing the Issues and Misleading the Jury

Woods attaches seventeen different documents purporting to be self-authenticating as publications issued by a public authority under Rule 902(5) of the Federal Rules of Evidence. Of Woods' noticed exhibits, thirteen should be excluded under Rule 403 because their probative value is substantially outweighed by a danger of confusing the issues and misleading the jury.

First, Woods suggests that the Government has consented to the admission of

these documents at trial because they were "previously presented to the government and were admitted in the motion hearings without objection." (Doc. 171 at 1.) That the Government did not object to the Court considering these documents in connection with Woods' various pre-trial motions does not mean that the Government consented to their admission as evidence during a trial of the case on the merits. It does not, and the Government outlines its objections here.

Under Rule 403 of the Federal Rules of Evidence, otherwise admissible evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . confusing the issues [and] misleading the jury." Here, thirteen of Woods' noticed exhibits have little probative value. These thirteen documents fall into three general categories.

- First, Woods has noticed various statutes and regulations. Woods notices legislation of the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748, 106th Cong. § 1110 (2020) (Woods Ex. 2, Doc. 171-1); and five selections from the Federal Register containing regulations regarding the SBA and EIDL program (Woods Ex. 3, Doc. 171-2); and the text of 15 U.S.C. § 9009 (Woods Ex. 17, Doc. 171-15) (collectively, the "Statutes and Regulations").

- Second, Woods has noticed eight documents published by the SBA regarding the EIDL program. These documents include frequently asked questions from the SBA's website, (Woods Ex. 4, Doc. 171-3); (Woods Ex. 5, Doc. 171-4); (Woods Ex. 6, Doc. 171-5); (Woods Ex. 7, Doc.

    171-6); three different reports from the SBA Office of Inspector General, (Woods Ex. 12, Doc. 171-10); (Woods Ex. 12, Doc. 171-11); (Woods Ex. 14, Doc. 171-12); and copies of EIDL application documents available for download through the SBA website. (Woods Ex. 10, Doc. 171-8) (collectively, the "SBA Publications").

- Finally, Woods has noticed two documents that have nothing to do with the SBA or EIDL program at all. These two documents are Official Form 207, Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Woods Ex. 16, Doc. 171-14), and a publication purportedly from the IRS website regarding a tax-filing extension in 2020 (Woods Ex. 20, Doc. 171-17) (collectively, the "Non-EIDL Documents").

Collectively, the Statutes and Regulations, the SBA Publications, and the Non-EIDL Documents are of limited probative value regarding the questions that will be before the jury. No document noticed by Woods states that it was proper for Woods to misrepresent gross revenue or the dates of establishment for her business. No document states that fake tax documents or fake corporate records were appropriate supporting documentation for an EIDL application. That is the conduct charged in the Superseding Indictment, and the question whether she committed those acts is the one the jury will need to decide.

    Compared to their limited probative value, these thirteen documents are likely to confuse the issues and mislead the jury. The Statues and Regulations are likely to confuse and mislead the jury regarding their role. The jury's responsibility is to find

the facts, and the Court will instruct the jury regarding the law. Introducing the Statutes and Regulations to the jury is likely to confuse the jury and mislead its members into believing it has a role in determining the law. *See United States v. Griffith*, Criminal Case No. 13-20894, 2015 WL 471426, at *4 (E.D. Mich. Feb. 4, 2015) ("To admit a statute into evidence as an exhibit . . . would thrust the jury into a quasi-judicial role and confuse them as to their fact-finding function."). Furthermore, the SBA Publications and the Non-EIDL Documents will confuse the issues before the jury. Woods has previously argued the SBA Publications and the Non-EIDL Documents show that the SBA's application was fundamentally ambiguous. *See generally* (Doc. 133). Woods, in effect, intends to put the SBA's administration of the EIDL program on trial. However, whether the SBA effectively administered the EIDL program, or whether it could have more clearly drafted its application is not the issue in this case. Nor is the administrative environment or the IRS's administration of tax-filing in 2020. Submission of the SBA Publications and the Non-EIDL Documents will overwhelm the jury and sow confusion about what questions are properly before it.

At bottom, Woods has noticed a jumble of documents with limited probative value into the central questions of the case. Because the probative value of the Statutes and Regulations, the SBA Publications, and the Non-EIDL Documents is substantially outweighed by the risk of confusing the issues and misleading the jury, the Court should exclude them whether authentic or not.

## B. One of Woods' Noticed Exhibits is Incomplete as Filed and Should be Offered in Full Under Rule 106

Woods noticed as self-authenticating the SBA's internal notes regarding the EIDL ending in -8102 (bearing an identifier ending in -4947 and corresponding to the EIDL application ending in -6118) issued to EZ Legal Solutions, (Woods Ex. 19, Doc. 171-16). The Government previously noticed that it would introduce self-authenticating loan records from the SBA for the EIDL application ending in -6118. *See* (Doc. 68, 68-18). However, the version filed by Woods is incomplete, with the first page of Woods' exhibit appearing to be subject to some sort of scanner or printer error. *See generally* (Woods Ex. 19 at 1, Doc. 171-16). While the Government does not object to the SBA's notes regarding application -6118 being offered as authentic under Rule 902, pursuant to Rule 106 of the Federal Rules of Evidence, to the extent Woods intends to offer them, the notes should be offered in full.[3]

## CONCLUSION

For the foregoing reasons, the Court should exclude the Statutes and Regulations, the SBA Publications, and the Non-EIDL Documents attached to Defendant Woods' Notice. Additionally, to the extent that Woods intends to offer the SBA's internal notes for the EIDL application ending in -6118, the notes should be offered in full.

---

[3] Of course, conceding that an item is authentic does not concede its admissibility. The government reserves the right to object to items offered at trial on bases other than those set forth in Fed. R. Evid. 902.

Respectfully submitted, this 23rd day of March 2023.

                                        JILL E. STEINBERG
                                        UNITED STATES ATTORNEY

***/s/ Jennifer G. Solari***
Jennifer G. Solari
Assistant United States Attorney
Senior Litigation Counsel

***/s/ Ryan C. Grover***
Ryan C. Grover
Assistant United States Attorney
South Carolina Bar No. 101218

22 Barnard Street, Suite 300
Savannah, Georgia 31412
Telephone: (912) 652-4422
Facsimile: (912) 652-4991
Email: jennifer.solari@usdoj.gov
Email: ryan.grover@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 23rd day of March 2023.

                Respectfully submitted,

                JILL E. STEINBERG
                UNITED STATES ATTORNEY

                ***/s/ Ryan C. Grover***
                Ryan C. Grover
                Assistant United States Attorney