UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | ) |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| -V- | ) CR422-016-1 |
| | ) |
| **SHAQUANDRA WOODS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## OBJECTIONS TO SCHEDULING ORDER

**NOW COMES, Shaquandra Woods, [hereinafter, "Woods"]** by and through her undersigned counsel and files her objections to the Court's scheduling order of November 3, 2023, **(Doc. 283);** and shows the Court the following:

1. On October 16, 2023, **Woods** filed her second motion for a continuance **(Doc. 267)**, opposed by the government **(Doc. 269)**, seeking 60 days prior to the trial date so that she could adequately prepare her defense;

2. On October 18, 2023, the Court denied **Woods'** motion for continuance **(Doc. 273)**; however, the Court granted her an additional 30 days to prepare for trial, with jury selection to begin on November 28, 2023;

3. Thereafter, on October 23, 2023, the government filed a motion to begin trial on November 27, 2023, **(Doc. 278)** opposed by **Woods (Doc. 279);**

4. On November 3, 2023, the Court granted the government's motion and amended the scheduling order setting the jury selection to begin on November 27, 2023. **(Doc. 283).**

5. Although, the new schedule requires a start date only 1 day earlier, in light of W**oods'**

initial request, the one day encroaches upon **Woods'** preparation time; and

      6.     Given the complexities of the case and volume of discovery and documentary evidence, one day can make a difference between whether there is effective assistance of counsel, due process of law and a fundamentally fair proceeding.

**<u>ARGUMENT</u>**

An unreasonable and arbitrary insistence upon expeditiousness in face of a justifiable request for delay violates a defendant's right to the 6th Amendment Right to the Effective Assistance of Counsel. *Unger v. Sarafite,* 376 U.S. 575, 589, 874 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964); *Morris v. Slappy,* 461 U.S. 1,11-12, 103 S.Ct. 1610, 1612, 75 L.Ed.2d 610, (1983). In *Avery v. Alabama,* 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940)* the Court held that " . . . . where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done." *United States v. Verderame,* 51 F.3d 249, 252 (11th Cir. 1995). Likewise, in adhering to the Court's schedule, **Woods** will be denied the effective assistance of counsel. The requested additional 30 days will make all the difference from a due process of law point of view. The right to counsel afforded under the Sixth Amendment means the effective assistance of counsel and effective assistance requires time for preparation. *Cf. Powell v. State of Alabama,* 1932, 287 U.S. 45, 71, 53 S.Ct. 55, 77 L.Ed. 158; *Roberts v. United States,* 325 F.2d 290(5 Cir.1963); see also, *Riggio v. Sec'y, Dep't of Corr.,* 704 F. Supp. 2d 1244, 1250 (M.D. Fla. 2010); *Hintz v. Beto,* 379 F.2d 937, 941 (5th Cir. 1967) .

Under certain circumstances, denial of a motion for continuance of trial may vitiate the effect of" the Sixth Amendment's right to counsel to such an extent that it results in a due process violation. 878 *United States v. Valladares,* 544 F.3d 1257, 1262 (11th Cir.2008); *United States v. Maggert,* 428 F. App'x 874, 877–78 (11th Cir. 2011). **Woods** has outlined to the Court her need for additional time to prepare. **(Doc.267).** A reviewing court will disturb a trial court's ruling on a motion for continuance if there has been an abuse of

discretion. *United States v. Darby, 744 F.2d 1508, 1521 (11th Cir.1984).* This issue must be decided in light of the circumstances presented, focusing upon the reasons for the continuance offered to the trial court when the request is denied. *United States v. Uptain, 531 F.2d 1281, 1286 (5th Cir.1976).*[1] *United States v. Garmany, 762 F.2d 929, 936 (11th Cir. 1985).* Thus, **Woods** has presented adequate reasons and circumstances of her need for the original request of 60 days. The field is not level. The government has been the recipient of several delays, e.g. superseding indictments and other delays. Moreover, prior counsel was given 90 days in an earlier request for a continuance.

**CONCLUSION**

The trial court should provide **Woods** with an additional 30 days as she originally requested. The failure to do so is an abuse of discretion. **Woods** should be given adequate time to prepare her defense, meet with her counsel, review the voluminous discovery and other documents, decide if she needs an expert or other witnesses, prepare whatever evidence she may need, or other preparations. E.g. decide whether to testify or not. Some of these decisions can only be made after thorough review of the evidence.

**Wherefore,** the Court is requested to rescind the most recent scheduling order and issue a new order giving **Woods** an additional 30 days to prepare her defense and for such other and further relief as the Court deems just and proper.

This 7th day of November 2023.

        **Respectfully Submitted,**
        **Kimberly L. Copeland & Assoc., LLC.**
        **By: Kimberly L. Copeland**
        **Ga. Bar #186783**
        **Attorney For Woods**
        **256 N. Brunswick Street**
        **Jesup, Georgia, 31456-4380**
        **(912) 530-7317**
        **(912) 530-7318 (Fax)**
        **Kim12cope@aol.com**

---

[1] **The Eleventh Circuit adopted as precedent the cases from the Fifth Circuit in Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1213 (11th Cir. 1981).**

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that she has this day served a true and correct copy of the foregoing **OBJECTIONS TO SCHEDULING ORDER** in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 7th day of November 2023.

/S/Kimberly L. Copeland
KIMBERLY L. COPELAND