UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| -V- | ) CR422-016-1<br>) |
| SHAQUANDRA WOODS, et. al | )<br>) |
| Defendants. | )<br>) |

## WOODS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT OF MURDER OF A GOVERNMENT WITNESS

**NOW COMES, Shaquandra Woods, [hereinafter, "Woods"]** by and through her undersigned counsel and moves *in limine* to preclude the government from presenting evidence or argument at trial regarding the desire or plan by **Woods** to have a government witness murdered. During a thorough review of the discovery provided to **Woods,** she discovered that SA Douglas R. Dye of the Federal Bureau of Investigation (FBI) and SA Justin Lott, Small Business Administration (SBA) Office of Inspector General (OIG) conducted a proffer interview of Ashlee Parker. Parker repeated a statement allegedly attributed to **Woods** that [because she suspected Courtney Gilchrist of "snitching'], she could have someone "touch" Gilchrist and "get rid of her" and Parker took that to mean, that **Woods** could have Gilchrist murdered.

In a Second Superseding Indictment **(Doc. 222) Woods** is charged in 7 counts. Count One charges Conspiracy to Commit Wire Fraud; Counts Two through Five charge the submission of False, Fictitious or Fraudulent Claims; and Counts Six and Seven charge the submission of False Documents all in connection with applications for

Economic Injury Disaster Loans (EIDL) under the Coronavirus Aid, Relief and Security ("CARES") Act. **Woods** is not charged with obstruction or any form of it. Such proposed murder of Gilchrist is not an object of the alleged conspiracy. Moreover, the allegation comes from a person who is an admitted liar. Thus, under the circumstances, the statements by Parker are not credible nor relevant and should be excluded in the trial of this case.

*Rules 403* and *404* of the *Federal Rules of Evidence* control the admission of evidence in this case. The statements by Parker have no probative value. Even if the statements have *de minimis* probative value the value is substantially outweighed by the danger of unfair prejudice. *Rule 403. United States v. Benton, 637 F.2d 1052, 1056 (5th Cir. 1981)[1] United States v. Harris, 886 F.3d 1120, 1131 (11th Cir. 2018).* The trial court must conduct a *Rule 403* balancing test regarding Parker's statements to the law enforcement investigators. That Rule provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . . *United States v. Oury, 568 F. Supp. 3d 1380, 1389 (S.D. Ga. 2021); United States v. King, 713 F.2d 627, 631 (11th Cir. 1983); Cf. United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005) and United States v. Beechum, 582 F.2d 898 (5th Cir.1978) (en banc). Rule 404.*

There can be but one reason that the government would attempt to elicit testimony from Parker of **Woods'** desire to have Gilchrist killed---to prejudice the jury against her. Such testimony is not probative of any issue in this case. The Court should therefore exclude all testimony of having any government witness murdered.

---

[1] The Eleventh Circuit adopted as precedent the cases from the Fifth Circuit in *Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1213 (11th Cir. 1981).*

**CONCLUSION**

The trial court should exclude all testimony, evidence and argument that **Woods** desired to have Courtney Gilchrist murdered for lack of probative value and because such evidence is substantially outweighed by the danger of unfair prejudice. The admission of such evidence would constitute an abuse of discretion by the trial court.

**Woods** brings to the Court's attention that the interview the subject of this motion *in limine* was only discovered because her counsel was forced to retain additional counsel to assist her given the time constraints and the volume of the discovery provided to her. **See Docs. 267, 279, 284, 286** and **RESPONSE TO THE UNITED STATES' TRIAL MEMORANDUM & RENEWAL OF**

**MOTION FOR CONTINUANCE [not yet docketed]. Woods** therefore renews her motion for a continuance.

    **This 18th day of November 2023.**

    **Respectfully Submitted,**
    **Kimberly L. Copeland & Assoc., LLC.**
    **By: Kimberly L. Copeland**
    **Ga. Bar #186783**
    **256 N. Brunswick Street**
    **Jesup, Georgia, 31456-4380**
    **(912) 530-7317**
    **(912) 530-7318 (Fax)**
    **Kim12cope@aol.com**

    **The Holsey Law Firm, LLC**
    **/s/ Juanita M. Holsey**
    **Juanita M. Holsey**
    **Georgia Bar No: 172161**
    **P.O. Box 132**
    **Jesup, GA 31598**
    **T: 912.208.2353**

**F: 877.349.4076**
**juanita@holseylaw.com**

**Attorneys for Woods**

## CERTIFICATE OF SERVICE

The undersigned attorney does hereby certify that she has this day served a true and correct copy of the foregoing Motion *In Limini* in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 18th day of November 2023.


**/S/Kimberly L. Copeland**
**KIMBERLY L. COPELAND**